SCHOTT, Judge
(concurring in the denial of the Application for Rehearing filed by the members of the Civil Service Commission) :
While this action (Firefighters IV) has been initiated by members of the New Orleans Civil Service Commission who were not parties to the other Fire Fighters decisions cited herein, the arguments advanced by plaintiffs are the same as those urged by the Louisiana Civil Service League which appeared as amicus curiae in New Orleans Fire Fighters Assn. v. City of New Orleans, 230 So.2d 326 (La.App. 4th Cir. 1970) (Firefighters II) and New Orleans Fire Fighters Association Local 632 et al. v. City of New Orleans et al., La.App., 260 So.2d 779, writ granted by the Sup.Ct. and reported at 263 La. 649 and 269 So.2d 194 (Firefighters III). When Firefighters III was decided by this Court Judge Boutall as the organ speaking for another panel of this Court said the following:
“Indeed, we conclude that we cannot overrule our previous decision, even if we were so disposed, because it has now become the law of this case. The issue now presented was presented to us before and we decided it adversely to the City of New Orleans. Rehearing was applied for and denied. The Supreme Court denied application for a writ of certiorari (supra) on March 12, 1970. Our decision thus became final when the decision of the Supreme Court upon the application became final. Louisiana Constitution Art. 7, Sec. 11.”
The only difference between the instant case and the one from which the excerpt above is quoted is that instead of the Louisiana Civil Service League advancing the arguments the plaintiffs as members of the Civil Service Commission are advancing them, but for us to grant relief to plaintiffs now would require us to do exactly what we held we cannot do in Firefighters III on April 4, 1972, as quoted above. Surely any relief which plaintiffs might obtain would have to be granted by the Supreme Court which denied writs in Firefighters II, thereby approving of our action in that case and which led us, through Judge Boutall, to the quoted observation.
When the Civil Service League joined the City of New Orleans in urging that the question of constitutionality of the statutes be reconsidered in Firefighters III the Supreme Court; on November 6, 1972, held that the matter was not before them on the basis of res adjudicata since the City was the original party in Firefighters II and was again the party in Firefighters III. The presence of new parties in the instant case does not change the issues even though it may prevent a disposition of the case on the basis of res adjudicata should the Supreme Court see fit to reconsider the arguments now advanced by plaintiffs and heretofore advanced by the City of New Orleans and the Louisiana Civil Service League.
Accordingly, I concurred in the original opinion of my colleagues and now concur in their denial of the application for rehearing although I am unable to agree with the rationale of this Court in Firefighters II in which it was held that the function of the Civil Service Commission regarding adoption of a pay plan for New Orleans firemen is merely that of making recommendations to the City Council. An analysis of that decision leads to the conclusion that there was a basic underlying error made when the case of New Orleans Fire Fighters Assn. v. City of New Orleans, 204 So.2d 690 (La.App. 4th Cir. 1967) (Fire *532 fighters I) was considered to be controlling.
Firefighters I was concerned with a contractual agreement regarding hours of work and therefore fell under the purview of LSA-Const. Art. 14 § 15(1) (6), but Firefighters II being concerned with a pay plan established by Acts 55 and 57 of the Extraordinary Session of 1968 should have turned on a consideration of Art. 14, § 15 (I) (c) the provisions of which clearly vest in the Commission the right to establish pay plans for all Civil Service employees of the City of New Orleans.
Nevertheless, I feel that this Court is bound by the previous Firefighters decisions and therefore concur in the denial of the application for rehearing.